Filed 4/18/25  P. v. Lovett CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C101989 |
| Plaintiff and Respondent, | (Super. Ct. No. 24F00933) |
| v. | |
| RAZI WAIN LOVETT, JR., | |
| Defendant and Appellant. | |

Appointed counsel for defendant Razi Wain Lovett, Jr., asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1975) 25 Cal.3d 436.)  We will affirm.

FACTS AND HISTORY OF THE PROCEEDINGS

In November 2023, defendant and his codefendants entered the dormitory of Shasta College by force, and defendant attacked multiple students indiscriminately with a metal baseball bat.

1

He was charged with assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1); count 1) (statutory section citations that follow are found in the Penal Code unless otherwise stated)); three counts of assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4); counts 2-4); and vandalism (§ 594, subd. (b)(1); count 5).

In May 2024, defendant pleaded no contest to counts 1 and 4. In exchange, the parties stipulated to a sentence of formal probation for two years and 180 days to be served in county jail. The remaining counts were dismissed with a *Harvey* waiver (*People v. Harvey* (1979) 25 Cal.3d 754). The trial court sentenced defendant to two years' formal probation and 200 days in county jail with credit for time served. The trial court also imposed the following fines and fees (pending successful completion of the sentence): a $300 restitution fine (§ 1202.4); a $300 mandatory supervision fine, suspended unless mandatory supervision is revoked (§ 1202.44); $200 base fine (§ 672); DNA penalty assessments of $20 and $80 (Gov. Code, §§ 76104.6, 76104.7); a $100 state court construction fee (Gov. Code, § 70372); a $70 county penalty assessment (Gov. Code, § 76000, subd. (a)(1)); and a $40 state surcharge (§ 1465.7(a)). The trial court ordered defendant to pay $880 restitution to one of the victims.

Defendant appealed based on the sentence or other matters occurring after the plea that do not affect the validity of the plea.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

2

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

———————————————
HULL, J.

We concur:

———————————————
EARL, P. J.

———————————————
KRAUSE, J.